FILED
CLERK, U.S. DISTRICT COURT

APR 15 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANGA, INC., dba ROAR, a California Corporation,<br><br>                      Plaintiff,<br>     v.<br>WESTMOOR MFG. CO., a Texas Corporation dba PANHANDLE SLIM; SHEPLERS, INC., a Kansas Corporation; RCC WESTERN STORES; and DOES 1-10, inclusive,<br><br>                      Defendants. | Case No. CV 12-2931-GAF (SHx)<br><br>*Assigned for all discovery matters to the Honorable Stephen J. Hillman*<br><br>**[PROPOSED] ORDER GRANTING PARTIES' STIPULATION FOR PROTECTIVE ORDER**<br><br>Courtroom: 550<br>               255 East Temple Street<br>               Los Angeles, CA 90012-3332<br><br>Date Action Filed: April 3, 2012<br>Trial Date:          April 1, 2014 |

2547028v1/013130

WHEREAS, upon stipulation of the parties for a protective order, the Court finds that good cause exists for issuance of this Protective Order ("Order") pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure to establish a procedure for use and/or disclosure of Confidential Information and to govern the inadvertent production of Privileged Information, as those terms are defined herein, and that entry of this Order is appropriate.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Certain materials, information, Documents (as defined in paragraph 1 below) or testimony (collectively "Discovery Materials") produced or given by the parties or non- parties in the course of pre-trial discovery or used or produced at trial in this action will involve disclosure of confidential, proprietary, financial, technical, scientific, personnel, and business information ("Confidential Information"). Moreover, despite the reasonable precautions taken by the parties, Confidential Information and/or documents protected by the attorney-client privilege, attorney work product or any other privilege ("Privileged Information") may be inadvertently disclosed. Accordingly, the parties agree that the following provisions shall govern disclosure and use of all such Discovery Materials containing Confidential Information and the return of inadvertently disclosed Privileged Information.

1. As used herein, "Documents" shall include data (including electronic data) and any other material (and their contents) produced through discovery by the parties, as well as any portion of a transcript of a deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, or responses to request for admissions.

2. Confidential Information may be found in, but not limited to, all or any of the following specifically designated "Confidential" or "Confidential – Attorney's Eyes Only" Documents and the content thereof: (a) Documents,

1

2547028v1/013130

depositions or testimony, responses to written discovery, and any other information or material produced or otherwise made available to the parties in this action; (b) copies, extracts, reports, studies, notes, complete or partial summaries and other Documents or materials made or prepared from Confidential Information except that it shall exclude attorney work product; and (c) transcripts, exhibits and other pleadings or writings that summarize or otherwise disclose Confidential Information.

3. Each Party or non-party that designates information or items for protection under this Order must take care to attempt to limit any such designation to specific material that qualifies as "Confidential" or "Confidential – Attorney's Eyes Only." If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

This Order covers Documents and/or information or material designated by the disclosing party or non-party (hereinafter, the "Source") as containing or consisting of Confidential Information. Any Source may, in good faith pursuant to FRCP 26(g), designate any such materials or portions thereof as being subject to the provisions of this Order by means of a stamp or other designation on the Document of the word "Confidential" or "Confidential – Attorney's Eyes Only."

4. The parties shall apply the designation "Confidential" to information or materials that the Source in good faith believes to constitute private personnel information and/or data and/or any information that implicates or may implicate the privacy rights of the Source and/or a third party, and that is not otherwise publicly available, except that the foregoing shall not apply to

2547028v1/013130

any Document that is in the public domain as a result of a violation of any duty, law or agreement.

5. The parties shall apply the designation "Confidential – Attorney's Eyes Only" only to a limited amount of Confidential Information which constitutes a trade secret,[1] proprietary business information including financial and/or sales data, or Confidential Information that the producing party is obligated, by agreement or statutory obligation or the privacy rights of any third-party, to keep confidential in a manner consistent with that designation, such that the producing party has a reasonable basis for concluding that the protections afforded to documents designated "Confidential" would not be adequate.

   a. For ten (10) business days after receipt of documents from a third party, the documents shall be treated as Confidential – Attorneys' Eyes Only, but after that period any portions not designated as Confidential and/or Confidential – Attorneys' Eyes Only may be disclosed. If a third party produces documents that any party reasonably believes should be protected under this Order, within ten (10) business days of the production said party to this action shall advise all counsel of its designation of such documents as Confidential and/or Confidential Attorneys' Eyes Only and shall affix the corresponding stamp on such documents. The third party shall be served with a copy of this Order with the Subpoena and such third party itself may designate documents or testimony as Confidential or Confidential - Attorneys' Eyes Only as provided herein. All parties shall cooperate to effectuate affixing the necessary.

6. In designating materials, Documents or portions thereof as "Confidential" or "Confidential – Attorney's Eyes Only" the Source shall mark every page

---
[1] As defined by Cal. Civil Code § 3426.1.

2547028v1/013130

3

and/or significant component, which contains Confidential Information with the appropriate "Confidential" or "Confidential – Attorney's Eyes Only" stamp. Transcripts of deposition or other testimony shall be designated by reference to the page and lines being designated. Designation shall be made at the time such materials are produced or given, except that: (a) in the case of testimony upon deposition or hearing, such designations shall be made within ten (10) business days after the transcript of such deposition or hearing is available; and (b) a reasonable extension of any applicable time period hereunder may be agreed to in writing among counsel for the respective parties. Designations may be withdrawn by the Source at any time.

7. Unless otherwise ordered by the Court, any Document or material designated by any source as containing Confidential Information shall be safeguarded and shall not be disclosed by non-designating counsel, except, subject to the provision of this Order, to:

   a. the named Plaintiff, Ganga, Inc. dba Roar, unless the Confidential Information has been designated "Confidential – Attorney's Eyes Only." If the Confidential Information in question has been so designated, this subparagraph shall not authorize its disclosure to such party.

   b. Defendants Westmoor Mfg. Co. dba Panhandle Slim, Sheplers Inc., RCC Western Stores, including but not limited to its inside counsel, including paralegals, clerical or other support staff or services and any officers, directors, managers, supervisors or other employees with responsibilities related to the subject matter of this litigation unless the Confidential Information has been designated "Confidential – Attorney's Eyes Only." If the Confidential Information in question has

been so designated, this subparagraph shall not authorize its disclosure to such party.

c. counsel of record for the party to whom such Documents or materials are produced or given, including co-counsel of record and the legal associates, paralegals, clerical or other support staff or services of such counsel or co-counsel assigned to assist such counsel in the preparation of this litigation;

d. the Court, including any Court personnel, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury, provided that any Confidential Information submitted or filed with the Court shall be placed under seal subject to the provisions of Paragraphs 14 and 15 below, except that when possible, only confidential portions of filings with the Court shall be filed under seal;

e. any court reporter (including audio and video) involved in this action;

f. independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant signs the Undertaking attached to this Order as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms;

g. copying, imaging, computer services and/or litigation support services provided that all Confidential Information and/or Documents, including copies thereof whether in hard copy or electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

h. special masters or mediators;

    i. the direct staff of persons designated in paragraphs 7 (f), (g) and (h), subject to any conditions enumerated therein;

    j. any deposition witness, including putative class members, in accordance with paragraphs 8 and 10;

    k. any other Person upon written consent from counsel for the party which produced or gave such Document(s), provided that such person signs the Undertaking in the form attached to this Order as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms.

8. Confidential Information designated "Confidential – Attorney's Eyes Only" may be disclosed only to persons described in ¶ 7, subparagraphs c, d, e, f, g, h and i and to deposition witnesses only as provided in paragraph 10 below.

9. Nothing in this Order shall prevent any party from producing any Document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that written notice shall be given to all other parties at least ten (10) business days prior to the return date of the subpoena or other compulsory process seeking discovery of the designated materials.

10. Subject to the terms of this Order any party may utilize Confidential Information designated as "Confidential" in the course of a deposition provided that, prior to his or her examination, the witness is furnished a copy of this Order and has executed the Undertaking attached to this Order as Exhibit A. Any party may utilize Confidential Information designated as "Confidential – Attorney's Eyes Only" in the course of a deposition provided that the deponent is the Source of the "Confidential – Attorney's Eyes Only" document or persons described in ¶ 7, subparagraphs e, f, g, i and k, the witness is furnished a copy of this Order and has executed the Undertaking

attached to this Order as Exhibit A and a copy thereof provided to all counsel five days prior to the commencement of the deposition. Such witness shall not be allowed to retain copies of either the Confidential Information or any portions of their deposition transcript containing Confidential Information. If disclosure of Confidential Information is opposed, nothing in this Paragraph 10 shall preclude a party from continuing the deposition until the matter can be raised before and ruled upon by the Court.

11. The parties agree to take reasonable precautions to prevent disclosure of Confidential Information without the "Confidential" or "Confidential – Attorney's Eyes Only" designation provided for in this Order. However, it is possible that inadvertent or mistaken disclosures will still be made, despite all reasonable precautions. If Documents containing Confidential Information are inadvertently or mistakenly disclosed, the parties agree that the Source may request the return of such Documents or materials within ten (10) business days after the discovery of their inadvertent or mistaken disclosure to allow the designation of the Documents or materials as Confidential Information consistent with the provisions of this Order. If the receiving party fails to return such Documents or materials, the Source may move the Court for an Order compelling their return.

12. If Confidential Information is made an exhibit to or the subject of examination during a deposition, arrangements shall be made (a) to bind separately said exhibits, as well as confidential portions of the transcript or pleading and (b) to place them in a sealed envelope appropriately marked.

13. Nothing in this Order shall prevent either party from using Documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" or from referring to or reciting any information contained in such materials, in connection with the litigation in this matter including any hearing, motion,

brief, trial, or other proceeding in this action, provided the relevant portions of Paragraph 14 and 15 below are complied with in full.

14. Any party filing pleadings, motions, or other papers with the Court that contain or make reference to Confidential Information shall file an Application and Order to Seal seeking to have the Confidential Information filed under seal pursuant to Local Rule 79-5 and any Confidential Information shall be filed in a sealed envelope marked on the outside with the title of the action and a statement substantially in the following form:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**This envelope contains confidential material that is subject to a Protective Order entered by the Court in this action governing the use of confidential discovery material.**

All Confidential Information so filed shall be maintained by the Clerk of Court separate from the public record in this action and shall be released to persons other than attorneys for the parties and Court personnel only upon written agreement of the Source or upon further order of the Court entered after reasonable written notice and opportunity of each designating party to file objections thereto.

15. Should need arise during the trial or any hearing before the Court for either Party to cause Confidential Information to be disclosed at such proceeding, it may do so only after appropriate in camera inspection or other safeguards are requested of the Court or are otherwise ordered by the Court. Any Confidential Information disclosed at trial will become public absent a separate court order upon motion or application in compliance with the Local Rules and sufficient cause shown.

16. Nothing herein shall prevent a receiving party from challenging any designation of a Document as "Confidential" or "Confidential – Attorney's

Eyes Only." The receiving party may file written notice to the Source requesting withdrawal of the designation. The Source who designated the material shall have fifteen (15) business days from the date on which the request was made to respond. If the Source refuses to withdraw the designation or fails to respond to the request within that time, the receiving party may apply to the Court for an order declaring that the Document is not appropriately designated. Notwithstanding a challenge or application to the Court pursuant to Paragraph 14, all Documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall be subject to this Order until the Source withdraws the designation or until the Court determines that the Document is not appropriately designated as "Confidential" or "Confidential – Attorney's Eyes Only."

17. Within ninety (90) days after the final determination of this action (i.e., after all appellate rights have been exhausted), all Documents designated as containing Confidential Information and all copies thereof shall, upon written request, be returned to counsel for the Source who initially produced such Documents (unless previously permanently discarded, in which case, counsel for the receiving party shall certify in writing to counsel for the Source that such Documents have been permanently discarded), provided that copies may be kept by counsel of any pleading, brief or Document submitted to the Court, deposition and/or trial transcripts and exhibits thereto and correspondence subject to this Order.

18. The parties further agree to take reasonable precautions to prevent the inadvertent or mistaken disclosure of Documents containing Privileged Information. The parties further agree that "reasonable precautions" shall include, by way of example and not limitation, a multi-level review of documents for production, including searching for and gathering documents

2547028v1/013130

from offices, businesses and other locations where responsive information might be located and having lawyers or paralegals carefully review the documents for Privileged Information, redacting those portions of Documents where only a portion is protected and preparing detailed privilege logs reflecting any withheld material.

Despite all reasonable precautions, the parties recognize that inadvertent or mistaken disclosures of Privileged Information may still be made. If Documents containing Privileged Information are inadvertently or mistakenly disclosed, the parties agree that the following procedure shall govern:

    a. The Source shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Documents by making a request of the receiving party for their return.

    b. If a receiving party becomes aware that a Source inadvertently or mistakenly disclosed Documents containing Privileged Information, the receiving party shall promptly advise the Source in writing of the disclosure and return the Documents and any and all copies to the Source.

For purposes of this Paragraph 18, the Parties agree that the return of inadvertently or mistakenly disclosed Documents shall be reasonably prompt if returned within fifteen (15) business days after the Source or receiving party learns of the inadvertent or mistaken disclosure. If the receiving party fails to return such Documents or materials, the Source may move the Court for an Order compelling their return. Notwithstanding a motion to the Court, all Documents containing Privileged Information that are inadvertently or mistakenly disclosed shall be subject to this Order until the Source withdraws

2547028v1/013130

its request for their return or until the Court determines that the Document is not appropriately claimed as Privileged Information.

19. This Order may be amended by written agreement between counsel for the parties, subject to approval of the Court, or may be modified by motion to the Court.

20. This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after the termination of this litigation, to enforce this Order.

**IT IS SO ORDERED.**

Dated: __4-15__, 2013

By: _____

Honorable Stephen J. Hillman
United States Magistrate Judge

**DECLARATION AND UNDERTAKING OF** _____

I, _____, declare as follows:

1. My address is _____.

2. My present employer and the address of my present employer (if different from above) are _____. I have received a copy of the Stipulated Protective Order in the above-captioned action.

3. Having carefully read and understood the provisions of the Stipulated Protective Order, I agree to be bound by its terms.

4. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" as set forth in the Stipulated Protective Order, which are disclosed to me. I will maintain any such information in a safe and secure place.

5. I will return all Documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" which come into my Possession and Documents or things I have prepared relating thereto, to counsel of the party that provided such materials to me. I acknowledge that such return shall not relieve me from any continuing obligation imposed on me by the Stipulated Protective Order.

6. I agree to submit to the jurisdiction of the United States District Court for the Central District of California, for purposes of enforcement of this Declaration and Undertaking.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this ___ day of _____, 201__.

_____
Signature

_____
Printed Name

2547028v1/013130